UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BTL INDUSTRIES INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Nos.   1:23-cv-00032-SDN |
| | ) |           1:24-cv-00139-SDN |
| REJUVA FRESH LLC et al., | ) | |
| | ) | |
| Defendants | ) | |

ORDER ON MOTIONS TO CONSOLIDATE

In these two cases, BTL Industries Inc., brings intellectual property claims against Rejuva Fresh LLC, and its sole owner and shareholder Polly Jacobs. *See* No. 1:23-cv-00032-SDN ("BTL 1"); No. 1:24-cv-00139-SDN ("BTL 2"). Jacobs and Rejuva Fresh now move to consolidate the two cases, which BTL opposes. *See* Motion to Consolidate (ECF No. 85); Opposition (ECF No. 88).[1] Because I conclude that the two cases share common questions of law and that it would be more efficient to try them together, I will grant Jacobs and Rejuva Fresh's request for consolidation.

## I.  Background

BTL, a Massachusetts-based corporation, develops and sells noninvasive body-contouring devices for use in the United States aesthetics industry. *See* BTL 1 Second Amended Complaint (ECF No. 93) ¶¶ 4, 12; BTL 2 Complaint (ECF No. 1) ¶¶ 5, 13. BTL recently launched a series of new devices featuring its "proprietary technology that uses high-intensity electromagnetic

---

[1] Because the parties' briefing on the motions to consolidate is largely identical in both cases, I will cite only the briefing in BTL 1 for efficiency's sake.

stimulation to tone and strengthen muscles in targeted areas." BTL 1 Second Amended Complaint ¶ 12; BTL 2 Complaint ¶ 13. Jacobs and Rejuva Fresh, a Maine-based corporation, have begun competing against BTL in the same market "by manufacturing and selling non-invasive body-contouring devices, which utilize electromagnetic waves to generate muscle contractions." BTL 1 Second Amended Complaint ¶¶ 5-6, 28; BTL 2 Complaint ¶¶ 6-7, 24.

In its two complaints against Jacobs and Rejuva Fresh, BTL brings claims of patent infringement; trademark infringement; unfair competition, false designation of origin, and false advertising; violation of the Maine Uniform Deceptive Trade Practices Act; and common law trademark infringement and unfair competition. *See* BTL 1 Second Amended Complaint ¶¶ 55-171; BTL 2 Complaint ¶¶ 37-83.

BTL 1, which was filed in January 2023, concerns BTL's product called the EMSCULPT body-contouring device, which uses BTL's proprietary technology to generate "high-intensity electromagnetic energy" that "induce[s] powerful muscle contractions in a patient" to noninvasively tone and sculpt the body. BTL 1 Second Amended Complaint ¶¶ 12-14. The EMSCULPT device and its technology are protected by federally registered trademarks, copyrights, and five patents. *See id.* ¶¶ 2, 20-27. BTL alleges that the devices Jacobs and Rejuva Fresh manufacture and sell infringe upon those trademarks and patents. *See id.* ¶¶ 28-54.

BTL 2, which was filed in April 2024, pertains to BTL's EMFACE facial-contouring device, another product featuring BTL's proprietary technology, which "applies a combination of synchronized radiofrequency [that] heats the dermis

to stimulate collagen and elastin production" and "high-intensity facial electromagnetic stimulation" that "selectively contracts facial muscles" to noninvasively tone a patient's muscles and sculpt their face. BTL 2 Complaint ¶¶ 13-15. The EMFACE device and the technology it uses are patented and protected by federally registered trademarks. *See id.* ¶¶ 3, 20-23. BTL alleges that the devices Jacobs and Rejuva Fresh manufacture and sell infringe upon its EMFACE-related trademarks and patent. *See id.* ¶¶ 24-36.

Jacobs and Rejuva Fresh filed their motions to consolidate the two cases in May 2024. *See generally* Motion to Consolidate.

## II.  Legal Standard

Federal Rule of Civil Procedure 42(a)(2) provides that courts may consolidate pending actions that "involve a common question of law or fact." The purpose of Rule 42(a) "is to give the district court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." 9A Arthur R. Miller, *Federal Practice and Procedure* § 2381, Westlaw (database updated June 2024).

The First Circuit uses a two-step framework to determine consolidation. *See Seguro de Servicio de Salud de P.R. v. McAuto Sys. Grp., Inc.*, 878 F.2d 5, 8 (1st Cir. 1989). "The threshold issue is whether the two proceedings involve a common party *and* common issues of fact or law." *Id.* If so, "the trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." *Id.* Consolidation is typically "granted

unless the party opposing it can show 'demonstrable prejudice.'" *Id.*

### III.  Discussion

Because BTL 1 and BTL 2 involve the same parties, my first inquiry turns on whether the two cases share common questions of law or fact.  In the patent context, questions of law pertain to the construction of a patent claim while questions of fact concern whether patent infringement occurred.  *See* 26 Julianna Frisch Kittelson et al., *Federal Procedure, Lawyers Edition* § 60:1053, Westlaw (database updated Nov. 2024). Overlapping legal claims alone are insufficient to justify consolidation. *See DynaEnergetics Europe GmbH v. Hunting Titan, Inc.*, No. H-17-3784, 2021 WL 3022435, at *6 (S.D. Tex. July 16, 2021) (denying consolidation where both cases concerned patent infringement, but the movant failed to show that there were common questions of fact or law involved in determining that legal claim).

Considering this framework, I conclude that the two cases share common questions of law.[2]  As Jacobs and Rejuva Fresh point out, the term "configured to" appears in the patent at issue in BTL 2 and the parties have already fully briefed that term's construction in BTL 1.  *See* Reply (ECF No. 89) at 5; BTL 2 Patent (ECF No. 1-2) at 39-41; BTL 1 Joint Term Construction Chart (ECF No. 54) at 13-14 (outlining the parties' disputed construction of the term "configured to").  The construction of the term "pulse" is also at issue in both cases.  *See* BTL 2 Patent at 39-41; BTL 1 Joint Term Construction Chart at 10 (providing the parties' undisputed

---

[2] Because I conclude that BTL 1 and BTL 2 share common questions of law, I need not determine whether they also share common questions of fact.  *See Seguro de Servicio de Salud de P.R.*, 878 F.2d at 8 (requiring a finding of "common issues of fact *or* law" (emphasis added)).

construction of the term "pulse").  Because both actions require the Court to construe these terms, common questions of law exist.  *Compare DynaEnergetics Europe GmbH*, 2021 WL 3022435, at \*6 (holding that consolidation was improper where there were similarities between the allegedly infringed patents but no overlapping claim terms), *with Paxonet Commc'ns., Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1029 (N.D. Cal. 2003) (consolidating two patent cases that each required the court to construe the same claim terms in multiple patents).

Jacobs and Rejuva Fresh also correctly note that the technological similarities between the patents and accused devices in each case favor consolidation. *See* Reply at 3-5.  BTL disputes this, maintaining that the underlying technologies differ because the BTL 1 patented technology produces time-varying magnetic fields that tone muscles such as the abdomen or buttocks using electromagnetic pulses, while the BTL 2 patented technology produces a combination of electric current and radiofrequency energy that stimulates and heats facial muscles. *See* Opposition at 1-4.  BTL's two complaints, however, do not draw such sharp distinctions.  *Compare* BTL 1 Second Amended Complaint ¶¶ 13-14 (describing the EMSCULPT device as using "high-intensity electromagnetic energy to induce powerful muscle contractions" that noninvasively tone a patient's body), *with* BTL 2 Complaint ¶¶ 14-15 (describing the EMFACE device as using a combination of "high-intensity facial electromagnetic stimulation" that "selectively contracts facial muscles" and radiofrequency that "heats the dermis to stimulate collagen and elastin production" to noninvasively tone a patient's muscles and sculpt their face).

Indeed, BTL characterizes the EMFACE device as a continuation of its innovation in the field of noninvasive body-contouring devices using the proprietary high-intensity, focused electromagnetic technology that it originally developed in connection with the EMSCULPT device. *See* BTL 2 Complaint ¶¶ 2-3. Thus, although the devices in BTL 1 and BTL 2 target different areas of the body, the jury in both cases will be required to understand their underlying technology and the same witnesses could be used to establish their common scientific background and demonstrate the evolution of BTL's proprietary technology. *See Paxonet Commc'ns., Inc.*, 303 F. Supp. 2d at 1029 (consolidating two patent cases in part because each would "require a jury to understand the same underlying technology"); *Hooker Chems. & Plastics Corp. v. Diamond Shamrock Corp.*, 96 F.R.D. 46, 49 (W.D.N.Y. 1982) (consolidating two patent cases that involved the same parties where "the patents share[d] a common scientific background" and the same witnesses could be used to establish the theories behind and evolution of the patented technology).

Finally, I am not persuaded that BTL would be prejudiced by consolidation. BTL insists that consolidating BTL 1 and BTL 2 would unreasonably delay resolution of the former because the two cases are at different stages of discovery—claim construction briefing is complete in BTL 1 and has yet to begin in BTL 2—and adding another patent and accused device from BTL 2 would complicate the BTL 1 trial, which already involves five patents, multiple trademarks, and several accused devices. *See* Opposition at 4-5. This delay in adjudication, BTL contends, would cause it substantial harm and prejudice by perpetuating the injury caused by Jacobs

and Rejuva Fresh continuing to sell the BTL 1 accused devices. *See id.* at 3-5. However, any discovery misalignment between the two cases can be cured by setting new deadlines, and the delay in adjudication is likely minimal because BTL 2 concerns only one additional patent and accused device. *See Sea Salt, LLC v. Bellerose*, Nos. 2:18-cv-00413-JAW, 2:20-cv-00099-JAW, 2021 WL 1431064, at *5 (D. Me. Apr. 15, 2021) (concluding that discovery issues were manageable considering neither case was ready for trial and any delay resulting from consolidation was counterbalanced by the streamlined efficiency of resolving like cases together). Moreover, BTL has already filed a motion to preliminarily enjoin Jacobs and Rejuva Fresh from selling the BTL 1 accused devices, *see* BTL 1 Motion for Preliminary Injunction (ECF No. 100), and can seek damages to remedy any sales that have occurred or continue to occur while that motion is resolved.

## IV.  Conclusion

On balance, the aforementioned costs and benefits favor consolidation. Accordingly, Jacobs and Rejuva Fresh's motions to consolidate are **GRANTED**.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: November 27, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge